```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LEILA MULINIX,

                Plaintiff,

vs.                                         Case No. 2:11-cv-20-FtM-29DNF

HARLEY-DAVIDSON MOTOR COMPANY, a foreign corporation,

                Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on a *sua sponte* review of subject matter jurisdiction. As directed in an Order to Show Cause (Doc. #12), defendant filed a Response (Doc. #15) setting forth its showing of subject matter jurisdiction. Based on the Response, the Court is satisfied that there is complete diversity of citizenship. The Court is not satisfied, however, that defendant has established that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.

Defendant, as the party removing this case to federal court, has the burden of establishing original federal jurisdiction. If the court determines at any time before final judgment that it lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(d). Defendant does not dispute that it must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

Contrary to the implication in defendant's argument, however, the amount in controversy must be established as of the date of the removal, not later.  <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir. 2010); <u>Behlen v. Merrill Lynch</u>, 311 F.3d 1087, 1095 (11th Cir. 2002).  Although defendant has not filed Exhibit 1 of his Response, the description of it establishes that amount in controversy at the time of removal was not close to $75,000, even if a reasonable attorney fee to that time is included.  This is unlike, for example, <u>Kok v. Kadant Black Clawson, Inc.</u>, 274 F. App'x 856, 857 (11th Cir. 2008), where there was evidence of the amount of back pay and benefits at the time of removal.

Because defendant has not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000, the district court lacks subject matter jurisdiction.  Therefore, the matter will be remanded to state court.

Accordingly, it is now

**ORDERED**:

1. The case is remanded to the Circuit Court, Twentieth Judicial Circuit, in and for Collier County, Florida, and the Clerk of the Court shall transmit a certified copy of this Opinion and Order to the Clerk of that court.

    2. The Clerk is directed to terminate all other pending motions and close the file.

    DONE AND ORDERED at Fort Myers, Florida, this  1st  day of July, 2011.

                                                  JOHN E. STEELE
                                                United States District Judge

Copies: Counsel of record